NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DALILA TREJO GUTIERREZ; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 16-71215 <br><br> Agency Nos. A206-911-654 <br> A206-911-655 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022[**]

Before: SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Dalila Trejo Gutierrez and her son, natives and citizens of Mexico, petition

pro se for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's decision denying their applications for asylum,

withholding of removal, and relief under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT").[1] Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Petitioners failed to establish they experienced harm that rises to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive." (citation and internal quotation marks omitted)); *see also Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) ("Mere threats, without more, do not necessarily compel a finding of past persecution.").

Substantial evidence also supports the agency's determination that Petitioners failed to establish a nexus between past or future harm and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Thus, Petitioners' asylum and withholding of removal claims fail. In light of this disposition, we do not reach Petitioners' remaining contentions. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required

---

[1] Petitioners each filed their own applications for relief.

to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT relief because Petitioners failed to show it is more likely than not they would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We lack jurisdiction to consider Petitioners' contention that the IJ violated their right to due process or failed to consider whether their fear of future harm was objectively reasonable. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**